Williams Law Firm, P.C.
James D. Johnson, Esq.
235E. Pine, P.O. Box 9440
Missoula, Montana 59807-9440
(406) 721-4350 Fax: (406) 721-6037
james@wmslaw.com
wlfmail@wmslaw.com
*Attorneys for Petitioner USLI*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY, <br> Petitioner, <br><br> -vs- <br><br> B AND C CASINO, L.L.C. d/b/a OFFICE BAR AND MOTEL, <br><br> Respondent. | CV-24-117-GF-JTJ <br><br><br> **PETITION FOR DECLARATORY JUDGMENT** |

COMES NOW, Petitioner United States Liability Insurance Company, and

for its Complaint for Declaratory Relief alleges as follows:

1.     Petitioner United States Liability Insurance Company ("USLI") is a

corporation organized and existing under the laws of Pennsylvania. USLI is an

insurance company which is authorized to, and does, transact business in the State

of Montana.

2.      Respondent B and C Casino, L.L.C. ("B & C") is a domestic limited

liability company that is registered in the State of Montana that does business as

the Office Bar and Motel, which is an establishment located at 128 US HWY 89,

Vaughn, Montana 59487.

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) because of the

diversity of citizenship between the parties and because the amount in controversy

exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

The policy has a "Liquor Each Common Cause Limit" of $1,000,000, and a

"Liquor Aggregate Limit" of $2,000,000.

4.      A real case or controversy exists between the parties as to whether

USLI has a duty to defend and/or indemnify against a lawsuit filed by the Estate in

the Montana Eighth Judicial District Court, Cascade County, alleging, *inter alia*,

dram shop liability, negligence, negligent infliction of emotional distress, wrongful

death, survivorship, and negligence per se counts on the part of B & C. Therefore,

this Court has authority to issue the declaratory judgment prayed for herein

pursuant to 28 U.S.C. § 2201(a).

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a

substantial part of the events or omissions giving rise to the claims stated herein

occurred in Cascade County, Montana.

6.      On July 17, 2023, Carolyn Diana Ray as the Personal Representative
of the Estate of Joseph Randall Ray ("the Estate") filed a *Complaint* against B & C
in the Montana Eighth Judicial District Court, Cascade County, Case No. DV-7-
2023-0000351-WF. On October 23, 2024, the Estate filed a Second Amended
Complaint and Demand for Jury Trial (hereafter the "Second Amended
Complaint") (Attached as **Exhibit A**).

7.      In the Second Amended Complaint, the Estate alleges Joseph Randall
Ray, while at the Office Bar, was shot in the abdomen by Ronald Wilcox using a
firearm, which led to Joseph Randall Ray's death (Exhibit A, ¶¶ 12).

8.      In the Second Amended Complaint, the Estate alleges B & C is liable
to the Estate under theories of Dram Shop Liability, based on an alleged violation
of Mont. Code Ann. § 27-1-710, and allegations of negligence. (Exhibit A, ¶¶ 19-
47).

9.      USLI issued Liquor Liability Policy No. LQ 1003076 to B & C with
an effective date from January 7, 2021, to January 7, 2022 (Attached as **Exhibit
B**).

10.     Pursuant to Policy No. LQ 1003076, USLI agreed to "pay those sums
that the insured becomes legally obligated to pay as damages because of 'injury' to
which this insurance applies if liability for such 'injury' is imposed on the insured
by reason of the selling, serving or furnishing of any alcoholic beverage. We will

have the right and duty to defend the insured against any 'suit' seeking those damages." (Exhibit B, at CG 00 33 12 07, p. 1 of 6).

11.     USLI Policy No. LQ 1003076 further states in the Insuring Agreement that "we will have no duty to defend the insured against any 'suit' seeking damages for 'injury' to which this insurance does not apply." (*Id.*)

12.     USLI Policy No. LQ 1003076 contains an Absolute Firearms Exclusion ("AFE") which states: "[t]his insurance does not apply to 'injury', including cost of defense, for any claim or 'suit' arising or resulting from directly, or indirectly, the use of firearms of any kind. This exclusion applies to any 'injury', claim or 'suit' regardless of whether the use of firearms is a direct cause, a contributing cause, or a concurrent cause of any loss." (Exhibit B, at LQ 428 (03-12)).

13.     USLI Policy No. LQ 1003076 also contains a Punitive or Exemplary Damages Exclusion which states that "Regardless of any other provision of this policy, this policy does not apply to punitive or exemplary damages." (Exhibit B, at L-224 (10-10).

14.     The insurer, USLI has notified the insured, B & C, of these coverage issues.

15.     USLI agreed to defend B & C subject to a Reservation of Rights.

16.    The basis for the underlying lawsuit was Joseph Randall Ray's death by firearm. "Wilcox, [ ] shot Joey in the stomach at point blank range. Joey suffered, survived for an appreciable amount of time after being shot by Wilcox, before he succumbed to the horrific injuries he suffered." (Exhibit A, ¶ 12).

17.    There is no coverage for this loss, which arose from the use of a firearm.

18.    USLI Policy No. LQ 1003076 provides no coverage for punitive damages.

## PRAYER FOR RELIEF

Wherefore, having made its claim for declaratory relief, Petitioner prays:

1.    That the Court declare there is no coverage, and thus has no duty to defend or indemnify for any and all civil claims against B & C arising from the July 15, 2021, incident under USLI Policy No. LQ 1003076.

2.    That the Court allow USLI to recoup fees and costs incurred in its defense of the underlying lawsuit at the request of B & C.

3.     That the Court grant any additional relief which it deems necessary.

//

## JURY DEMAND

Petitioner demands a trial by jury of any issues of fact raised herein.

DATED this <u>20th</u> day of <u>December</u>, 2024.


<u>            /s/ James D. Johnson</u>
James D. Johnson, Esq.
Williams Law Firm, P.C.
*Attorney for Petitioner*