IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>B AND C CASINO, LLC d/b/a OFFICE BAR AND MOTEL,<br><br>Defendant. | CV 24–117–GF–DWM<br><br>ORDER |

This insurance coverage dispute arises out of a firearm fatality that occurred outside The Office Bar and Casino in July 2021. On July 30, 2025, summary judgment was granted in favor of United States Liability Insurance Company ("United States Liability") on the basis that the Absolute Firearms Exclusion in the Policy barred coverage. (*See* Docs. 28, 29.) This Court also determined that United States Liability could recoup defense costs incurred in the defense of the underlying state court action ("Underlying Action"). (Doc. 28 at 16.) On August 12, 2025, United States Liability requested that defense costs be awarded in the amount of $160,088.00. (Doc. 31; Doc. 33 at 2.) B & C Casino opposes, disputing not the award amount but United States Liability's ability to recoup costs at all.

1

(Doc. 35.) For the reasons explained below, United States Liability's motion (Doc. 31) is granted, and defense costs are awarded in the amount of $160,088.00.

## ANALYSIS

The primary dispute here is whether B & C Casino can even challenge United States Liability's right to recoup defense costs because it did not do so at summary judgment. Because the Court has already determined, without challenge from B & C Casino, that United States Liability is entitled to recoupment, B & C Casino's challenge is barred. Regardless, on the merits, United States Liability properly reserved its right to recover defense costs under Montana law.

In response to the present motion, B & C Casino argues for the first time that because United States Liability failed to reserve the right to recoup defense costs in an initial reservation of rights letter, it has waived that right. However, B & C Casino failed to make this argument during summary judgement in opposition to United States Liability's specific request for an order on this issue. Because this Court already concluded that United States Liability is entitled to recoup defense costs, (Doc. 28 at 15–16), and entered judgment, (Doc. 29), B & C Casino's argument is barred by the law of the case doctrine.

"The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). While "[t]he law of the

2

case doctrine does not preclude a court from reassessing its own legal rulings in the same case[,] . . . [a] court may . . . decline to revisit its own rulings where the issue has been previously decided and is binding on the parties—for example, where the district court has previously entered a final decree or judgment." *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018.) If the doctrine applies, a prior ruling may not be amended unless "the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Stacy*, 825 F.3d at 567. None of these circumstances exist here. To the contrary, B & C Casino merely argues the merits of the issue, without acknowledging that the issue has already been addressed and resolved.

But even if that were not the case, United States Liability is entitled to recoup its defense costs. Under Montana law, an insurer reserves the right to recoup defense costs if it "(1) timely and explicitly reserved the right to recoup costs; and (2) provided specific and adequate notice to the insured of the possibility of reimbursement." *Nat'l Indemnity Co. v. State*, 499 P.3d 516, 533 (Mont. 2021) (internal quotation marks omitted). It is not detrimental to an insurer's recoupment if the reservation is not present in the first letter provided to the insured so long as the insurer reserves the right "prior to the payment of defense costs." *Travelers Cas. & Sur. Co. v. Ribi Immunochem Rsch., Inc.*, 108 P.3d 469, 480 (Mont. 2005)

3

(where the insurer addressed defense cost recoupment in its second letter to the insured). United States Liability satisfied these standards.

That United States Liability failed to include the right to recoup defense costs in its first letter related to the incident is not fatal to its position here. (*See* Doc. 36-1.) In a supplemental letter, (Doc. 36-2), sent "prior to the payment of the defense costs," *Travelers*, 108 P.3d at 480, United States Liability made B & C Casino aware that it reserved the right to recoup defense costs. Further, United States Liability "asserted the right continuously throughout the litigation." *Nat'l Indemnity Co.*, 499 P.3d at 534; (*see* Docs. 36-2, 36-3, 36-4). Accordingly, B & C Casino "implicitly accepted" United States Liability's "defense under a reservation of rights when it posed no objections." *Travelers*, 108 P.3d at 480. And B & C Casino understood United States Liability's intent to recoup such costs. (*See* Doc. 37-1). Regardless, "[e]ven absent an express agreement by the insured," the right to recoupment is enforceable if the insurer satisfies the above requirements. *Travelers*, 108 P.3d at 480.

Alternatively, B & C Casino argues that United States Liability is barred from recovery because it did not file a timely declaratory action pursuant to Montana Code Annotated § 33-18-218. This statute requires that for an insurer to "recover costs of defending an insured against claims asserted against the insured if the insurer is subsequently determined to not owe a duty to defend the insured . .

4

. the insurance policy or contract must contain[] language giving the insurer the right to seek reimbursement or recover those costs from the insured," and the insurer must initiate a declaratory action within "120 days of determining whether a question exists as to whether a claim is covered under the policy." United States Liability does not argue it complied with the statute, but rather that the statute does not apply. United States Liability is correct.

Section 33-18-218 became effective October 1, 2023, and "cannot be applied retroactively unless expressly so declared by the Montana legislature." *Carelli v. Hall*, 926 P.2d 756, 761 (Mont. 1996). B & C Casino insists United States Liability was subject to the statutory requirements because one of United States Liability's letters, (Doc. 36-4 (dated December 2, 2024)), was sent after the statute's effective date thus obligating United States Liability to file a declaratory judgement within 120 days of that letter. Section 33-18-218 does not apply because the Underlying Action was filed in state district court on July 17, 2023, (Doc. 28 at 1), and the first letter that reserved the right to recoupment is dated August 18, 2023, (Doc. 36-2). B & C Casino has not pointed to anything in the statute's text or legislative history that indicates the legislature's intent for it to apply to insurers recovering costs in actions prior to October 1, 2023. The Court's previous analysis under the Montana common law standard controls. (*See* Doc. 28 at 15–16.)

5

Because United States Liability is entitled to recoup defense costs under Montana law and B & C Casino did not contest the amount, (*see* Doc. 35), costs are awarded in the amount requested. United States Liability requests $160,088.00 for the actual amount of attorney fees and costs it paid to defend B & C Casino in the Underlying Action to date. (Doc. 33-1 at 2.)

## CONCLUSION

Based on the foregoing, IT IS ORDERED that United States Liability's motion for an award of defense costs (Doc. 31) is GRANTED. Defense fees and costs may be recouped in the amount of $160,088.00.

DATED this 21st day of October, 2025.

_____
Donald W. Molloy, District Judge
United States District Court